UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JAN E. WHITAKER | CIVIL ACTION NO. 10-cv-1023 |
| VERSUS | JUDGE WALTER |
| DIALYSIS CENTER, INC. | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Jan Whitaker filed this employment discrimination action against Dialysis Center, Inc. After she filed the complaint, the EEOC revoked her notice of right to sue and stated that the Agency's investigation of her charge would continue. Based on that, the court stayed this civil action. The court's order provided that (1) Ms. Whitaker should immediately file with the court a copy of any new notice of right to sue issued by the EEOC and (2), if the matter was resolved, Ms. Whitaker should notify the court that she wishes to dismiss this lawsuit.

Several months have passed since the October 2010 stay, with no communication from Ms. Whitaker. The court contacted the EEOC in June 2011 and was advised that all claims between Ms. Whitaker and Dialysis Center, Inc. were settled by a mediation in December 2010. Accordingly, it appeared that this civil action could be closed.

The court issued an order that recounted these facts and advised Ms. Whitaker that if she disagree, she could by July 15, 2011 file a written statement that explains why the case should remain open. Ms. Whitaker was told that if she agreed the matter had been settled and the case could be closed, the court would welcome her written statement to that effect. The order warned: "If Ms. Whitaker does not file a written statement by July 15, 2011, the court

may dismiss the case without further notice." The July 15 deadline passed over a month ago. There has been nothing filed in the record since the court's order.

Accordingly,

IT IS RECOMMENDED that this civil action be dismissed without prejudice for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of August, 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE